Lawrence N. Lavigne, Esq. (005581982)
**LAWRENCE N. LAVIGNE, ESQ. LLC**
2444 Morris Avenue, Suite 206
Union, New Jersey 07083
(908) 687-7750
Attorneys for Plaintiff Erin Henderson

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| ERIN HENDERSON, | : | |
| | : | Civil Action No. 2:17-CV-10110 (SRC- |
| Plaintiff, | : | CLW) |
| | : | |
| v. | : | Civil Action |
| | : | |
| NEW YORK JETS, LLC, | : | **SECONDAMENDED COMPLAINT** |
| | : | **AND JURY DEMAND** |
| Defendant | : | |

**PRELIMINARY STATEMENT**

Plaintiff Erin Henderson (hereinafter "Plaintiff" or "Henderson") brings this action under the New Jersey Law Against Discrimination, N.J.S.A 10:5-1 *et seq.* ("NJLAD") and under the Americans With Disabilities Act, 42 U.S.C. §12101 *et seq.* ("ADA") against his former employer, defendant, New York Jets, LLC (hereinafter "Defendant" or the "Jets") on the grounds that it discriminated against him on the basis of disability.  Defendant also failed to accommodate Plaintiff's  disabilities and wrongfully terminated his employment.  Moreover, Defendant failed to have effective policies and procedures to protect employees from discrimination.

**PARTIES**

1. Plaintiff, an individual, is currently residing in the State of Maryland.

2. At all relevant times hereto, Plaintiff was and still is a citizen of the State of Minnesota.

1

3. At all relevant times hereto, Plaintiff maintained a residence in Union, New Jersey.

4. Defendant, a business entity, conducts business at One Jets Drive, Florham Park, New Jersey 07932.

## FACTS COMMON TO ALL COUNTS

5. Defendant owns and operates "New York Jets," a member of the National Football League ("NFL").

6. Plaintiff is a professional football player.

7. At all relevant times hereto, Defendant employed Plaintiff in the position of linebacker from April 2015 through March 2017.

8. At all relevant times hereto, Plaintiff suffered from bi-polar disorder and other mental illness including but not limited to depression and mood disorder.

9. At all relevant times hereto, Plaintiff was treated for his emotional and psychiatric issues by a physician hired by Defendant, Dr. Derek Suite, located in Bronx New York.

10. Upon information and belief Dr. Suite is Team Psychiatrist for Defendant.

11. Based on Plaintiff's self reporting of alcohol and marijuana use, Dr. Suite opined that Plaintiff had some form of substance abuse issues.

12. Plaintiff was told to treat with Dr. Suite by Dave Szodt, who, upon information and belief, was the Director of Player Development for Defendant at the time.

13. Dr. Suite prescribed medications, including Seroquel, to Plaintiff to control the bi-polar disorder and other medications for other conditions.

14. Dr. Suite acted on behalf of Defendant in terms of treating Plaintiff's bi-polar disorder, depression and alcohol and marijuana use issues.

15. At all relevant times hereto, Defendant had knowledge of Plaintiff's bi-polar

2

disorder and other mental illness issues.

16. Plaintiff discussed his disability with representatives of Defendant including, but not limited to, Todd Bowles, the Head Coach for Defendant, Mr. Szodt and Bobby Mastroddi. Other upper management personnel including, but not limited to, Mike Maccagnan, Jacqueline Davidson, and Mike Caldwell knew about Plaintiff's conditions.

17. Plaintiff and Defendant entered into a contract, which provided that Plaintiff would play for the Jets for the 2016 season with an option for the 2017 season.

18. According to the contract, Plaintiff was to be paid $2,250,000.00 for the 2017 season.

19. According to the contract, Plaintiff would be entitled to various bonuses bringing his total potential compensation for the year to $2,500,000.00.

20. On October 22, 2016 without forewarning or explanation Defendant placed Plaintiff on the Non-Football Injury list ("NFI").

21. By suddenly placing Plaintiff on the NFI list, Defendants deprived Plaintiff of income of $580,781.00 for the remaining games of the 2016 season.

22. Defendant improperly used the NFI alleging that Plaintiff suffered from non-football illnesses including mental illness, alcohol and substance abuse which rendered him unfit to play football.

23. At all relevant times hereto, Defendant was aware of Plaintiff's history of depression, alcohol related issues and marijuana use.

24. In February 2017, Defendant declined Plaintiff's option effectively terminating his employment with the Jets.

25. By placing Plaintiff on the NFI list, Defendant avoided paying Plaintiff the promised salary and bonuses for the 2017 season.

26. Defendant placed Plaintiff on the NFI list a few days before it was obligated to pay Plaintiff a $250,000.00 roster bonus.

27. During his last two games of the 2016 season (against Pittsburgh and Arizona) and before he was inexplicably placed on the NFI list, Plaintiff led the team in tackles.

### COUNT I
**(New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 to 42 – Adverse Employment Action/Wrongful Termination)**

28. Plaintiff hereby repeats and realleges all of the allegations set forth above as if set forth at length herein.

29. The NJLAD prohibits, discrimination based on one's disability or disabilities perceived by Defendant and its agents ("perceived disabilities") (among other protected classes).

30. As a result of Plaintiff's disability/perceived disabilities, Plaintiff's employment was wrongfully terminated by Defendant.

31. Plaintiff would not have been fired by Defendant, but for Plaintiff's disability/perceived disability

32. Alternatively, Defendant used Plaintiff's disabilities whether actual or perceived to improperly place Plaintiff on the NFI

33. At all relevant times hereto, Plaintiff was ready, able and willing to play football

34. At no time relevant hereto was Plaintiff unfit to play football

35. Defendants wrongfully used Plaintiff's disabilities whether actual or perceived to place Plaintiff on the NFI and then terminate his employment with the team

36. Plaintiff would not have been placed on the NFI but for his disabilities either actual or perceived.

37. Because of the involvement of members Upper Management, Defendants are

liable for punitive damages.

38. As a direct and proximate result of Defendant's discriminatory actions, Plaintiff has suffered economic and emotional damages.

**WHEREFORE**, Plaintiff demands that a judgment be entered against Defendants awarding i) compensatory and punitive damages; ii) reasonable attorney's fees and expenses pursuant to N.J.S.A. § 10:5-27.1; and iii) such other relief as this Court deems just and proper.

## COUNT II
**(New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 to 42 – Adverse Employment Action/Wrongful Termination/Pretextual Reasons)**

39. Plaintiff hereby repeats and realleges all of the allegations set forth above as if set forth at length herein.

40. Defendant placed Plaintiff on the NFI list without forewarning.

41. Defendant placed Plaintiff on the NFI list without explanation.

42. Defendant placed Plaintiff on the NFI list as a result of his disabilities/perceived disabilities which were being treated by a physician retained by Defendants.

43. Defendant improperly placed Plaintiff on the NFI and then used that status to terminate his employment.

44. By wrongfully contending that Plaintiff suffered a non-football injury Defendants avoided their obligation to pay Plaintiff $2,500,000.00 for the 2017 season, $250,000.00 roster bonus and $580,781.00 remaining 2016 salary.

45. Placing Plaintiff on the NFI for undisclosed reasons was pretext for violating the NJLAD.

46. As a direct and proximate result of Defendant's discriminatory actions, Plaintiff has suffered economic and emotional damages.

47. Because of the involvement of members Upper Management, Defendants are liable for punitive damages.

**WHEREFORE**, Plaintiff demands that a judgment be entered against Defendants awarding i) compensatory and punitive damages; ii) reasonable attorney's fees and expenses pursuant to N.J.S.A. § 10:5-27.1; and iii) such other relief as this Court deems just and proper.

### COUNT III
### (New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 to 42 – Hostile Work Environment)

48. Plaintiff hereby repeats and realleges all of the allegations set forth above as if set forth at length herein.

49. NJLAD prohibits, discrimination based on one's disability (among other protected classes).

50. The discrimination to which Plaintiff was subject, as further described above was sufficiently severe or pervasive that a reasonable person would have deemed it to be hostile, abusive, intimidating, or offensive.

51. This discrimination would not have occurred but for Plaintiff's disabilities, actual or perceived .

52. Defendant failed to take appropriate measures to put an end to the hostile work environment or the discrimination outlined herein.

53. In addition, Defendant failed to combat the creation of a hostile work environment by, *inter alia,* failing to enact reasonable policies and procedures and to maintain effective sensing or monitoring mechanisms to check the trustworthiness of its policies and complaint structures.

54. This failure to provide proper policies and failure to maintain effective sensing or

monitoring mechanisms is evidenced by, the above, Defendant's pervasive inappropriate conduct toward Plaintiff.

55. The above-described actions constitute unlawful employment actions in violation of NJLAD including, *inter alia*, N.J.S.A. § 10:5-12a.

56. In taking action or failure to take required actions that they knew were a breach of Defendant's duty under NJLAD, Defendant is liable to Plaintiff under NJLAD.

57. As a direct and proximate result of Defendant's discriminatory actions, Plaintiff has suffered economic and emotional damages.

58. Because of the involvement of members Upper Management, Defendants are liable for punitive damages.

**WHEREFORE**, Plaintiff demands that a judgment be entered against Defendants awarding i) compensatory and punitive damages; ii) reasonable attorney's fees and expenses pursuant to N.J.S.A. § 10:5-27.1; and iii) such other relief as this Court deems just and proper.

## COUNT IV
**(Violation of Americans with Disabilities Act)**

59. Plaintiff hereby repeats and realleges all of the allegations set forth above as if set forth at length herein.

60. The Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.* ("ADA") prohibits an employer from discriminating against an individual with disabilities.

61. As a result of Plaintiff disabilities actual or perceived , Plaintiff's employment was wrongfully terminated by Defendant.

62. Plaintiff would not have been fired by Defendant but for Plaintiff's disabilities actual or percieved.

63. Defendant knew of Plaintiff's disability at all relevant times hereto.

7

64. Defendant perceived that Plaintiff suffered from certain disabilities.

65. Defendant failed to accommodate Plaintiff's disabilities.

66. At all relevant times hereto, Plaintiff was able to perform his duties with accommodation.

67. Defendant failed to engage in the interactive process required by the ADA.

68. Because of the involvement of members Upper Management, Defendants are liable for punitive damages.

69. As a direct and proximate result of Defendant's discriminatory actions and violations of the ADA Plaintiff has suffered economic and emotional damages.

**WHEREFORE**, Plaintiff demands that a judgment be entered against Defendants awarding i) compensatory and punitive damages; ii) reasonable attorney's fees and expenses pursuant to 42 U.S.C. § 12101 *et seq.*; and iii) such other relief as this Court deems just and proper.

### COUNT V
### (False Light and Damage To Reputation and Career)

70. Plaintiff hereby repeats and realleges all of the allegations set forth above as if set forth at length herein.

71. Prior to signing with the Jets, Plaintiff underwent rehabilitation for alcohol abuse.

72. Plaintiff's history was well known to Defendants when they hired him.

73. Plaintiff's history was a known fact in the NFL.

74. In placing Plaintiff on the NFI list without providing a specific reason for doing so, Defendants created the appearance that Plaintiff's NFI was alcohol and/or substance abuse related and that Plaintiff was not fit to play football.

75. Defendant's failure to specify the basis for placing Plaintiff on the NFI list

perpetuated the perception in the NFL that it was due to alcohol and/or substance abuse which resulted in Plaintiff not being fit to play football and casted Plaintiff in a negative false light.

76. As a result of Defendant casting Plaintiff in a negative false light, Plaintiff suffered damage to his reputation.

77. As a result of the damage to Plaintiff's reputation caused by Defendants wrongful acts, other teams in the NFL have refused to hire Plaintiff, essentially, ruining his career.

78. As a result thereof, Plaintiff has suffered severe economic and emotional distress injuries.

79. Because of the involvement of members Upper Management, Defendants are liable for punitive damages.

**WHEREFORE**, Plaintiff demands that a judgment be entered against Defendants awarding i) compensatory and punitive damages; ii) reasonable attorney's fees and expenses; and iii) such other relief as this Court deems just and proper.

## COUNT VI
### (Intentional Infliction of Emotional Distress)

80. Plaintiff hereby repeats and realleges all of the allegations set forth above as if set forth at length herein.

81. The above-stated conduct of Defendants far exceeded all bounds tolerated by any reasonable person.

82. The said conduct of Defendant was, especially calculated to and caused Plaintiff severe mental distress.

83. The behavior and actions/inaction of Defendant was willful wanton and egregious.

84. Plaintiff suffered due to the offensive and illegal behavior of Defendant. Any

alleged legitimate business reason for such treatment offered by Defendants is pretext.

85. Because of the involvement of members Upper Management, Defendants are liable for punitive damages

**WHEREFORE**, Plaintiff demands that a judgment be entered against Defendants for i) compensatory and punitive damages; ii) reasonable attorney's fees and expenses pursuant to; and iii) such other relief as this Court deems just and proper.

### COUNT VII
### (Punitive Damages)

86. Plaintiff hereby repeats and realleges all of the allegations set forth above as if set forth at length herein.

87. All of Defendant's acts, actions and behavior as outlined above were willful, wanton and egregious.

88. Plaintiff's suffered injury as a result of the conduct of Defendant.

89. Because of the involvement of members Upper Management, Defendants are liable for punitive damages

90. Defendants are liable to Plaintiff for punitive damages.

**WHEREFORE**, Plaintiff demands that a judgment be entered against Defendants for i) punitive damages; ii) reasonable attorney's fees and expenses.

## **DEMAND FOR TRIAL BY JURY**

The Plaintiff hereby demands a trial by a jury as to all issues.

## **CERTIFICATION OF OTHER MATTERS**

      None.

      LAWRENCE N. LAVIGNE, ESQ. L.L.C.
      Attorneys for Plaintiff


      By:_____
          LAWRENCE N. LAVIGNE


Dated:  April 8, 2019