**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
P.O. Box 652
Newark, New Jersey 07101-0652
(973) 639-2023
asaravay@mccarter.com
    Attorneys for Defendant New York Jets LLC

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ERIN HENDERSON,<br><br>             Plaintiff,<br><br>vs.<br><br>NEW YORK JETS LLC,<br><br>             Defendant. | Civil Action No: 2:17-cv-10110 (SDW) (LDW)<br><br>**ANSWER AND SEPARATE DEFENSES TO SECOND AMENDED COMPLAINT** |

Defendant New York Jets LLC ("Defendant" or "the Jets"), by way of answer to the numbered paragraphs of the Second Amended Complaint, states as follows:

### AS TO PRELIMINARY STATEMENT

The Preliminary Statement constitutes legal argument and not allegations of fact as to which a response is required. To the extent that any assertions in the Preliminary Statement may be deemed to be allegations as to which a response is required, they are denied. The Jets did not engage in any discrimination or other allegedly wrongful conduct towards Plaintiff.

### AS TO PARTIES

1.    On information and belief, admitted.

2.    On information and belief, admitted.

3.    Denied, except that Defendant admits that Plaintiff resided in Union, New Jersey for a period of time.

ME1 30618104v.3

4. Admitted.

## AS TO FACTS COMMON TO ALL COUNTS

5. Admitted.

6. Denied, except that Defendant admits that Plaintiff has played football professionally.

7. Denied, except that Defendant admits that it employed Plaintiff for parts or all of the 2015 and 2016 NFL seasons and that Plaintiff sometimes played the position of linebacker.

8. Defendant lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 8.

9. Denied, except that Defendant admits that Plaintiff was treated at times by Dr. Derek Suite, who has an office in the Bronx, New York.

10. Defendant admits that Dr. Suite is a consulting team psychiatrist for Defendant.

11. Denied, except that Defendant admits that Dr. Suite diagnosed Plaintiff as having substance abuse issues based on information that included Plaintiff's statements to Dr. Suite regarding his use of alcohol and marijuana.

12. Denied, except that Defendant admits that Dave Szott is Defendant's Director of Player Development.

13. Denied, except that, on information and belief, Defendant admits that Dr. Suite prescribed medications, including Seroquel, for Plaintiff.

14. Denied.

15. Denied, except that Defendant admits that, at certain times, some of its personnel had information that Plaintiff had a mental health condition.

16. Denied, except that Defendant admits that certain team personnel were aware at different times of information that Plaintiff had been treated for a mental health condition and an

2

alcohol/substance abuse condition, had DUI arrests, or had been suspended under the NFL Substances of Abuse policy, and that, on the day that Plaintiff was placed on the Non-Football Injury List, he told certain individuals on Defendant's staff that he had a mental health condition, and Dr. Suite advised Defendant that Plaintiff was in need of enhanced treatment for mental health and substance abuse conditions.

17. Denied, except that Defendant admits that it entered into a contract with Plaintiff with respect to Plaintiff playing for the Jets during the 2016 season, which included an option with respect to the 2017 season, and Defendant refers to the contract for its full and complete contents.

18. Denied, and Defendant refers to the contract for its full and complete contents.

19. Denied, and Defendant refers to the contract for its full and complete contents.

20. Denied, except that Defendant admits that it placed Plaintiff on the Non-Football Injury list on October 22, 2016.

21. Denied.

22. Denied.

23. Denied, except that Defendant admits that, prior to signing Plaintiff to play for the team in 2015, certain of Defendant's personnel were aware of information that Plaintiff had been treated for or experienced depression, alcohol abuse, and/or substance abuse, that certain of Defendant's personnel became aware at other times of Plaintiff using alcohol, and that, on October 22, 2016, Dr. Suite advised certain of Defendant's personnel that Plaintiff was in need of enhanced treatment for mental health and substance abuse conditions.

24. Denied, except that Defendant admits that it did not exercise the option in its contract with Plaintiff.

25. Denied.

26. Denied.

27. Denied, except that Defendant admits that, during the last two games he played during the 2016 season (against Pittsburgh and Arizona), he was credited with eight tackles and seven tackles, respectively.

## AS TO COUNT I

28. Defendant repeats and incorporates its responses to the allegations set forth above.

29. The allegation in paragraph 29 is a legal contention as to which no response is required. To the extent that the allegation in paragraph 29 may be deemed to be an allegation of fact as to which a response is required, Defendant admits that the NJLAD prohibits discrimination on the basis of a disability or other characteristics enumerated in the statute and denies that Defendant discriminated against Plaintiff.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied, except that Defendant admits that Plaintiff was placed on the NFI List based in part on statements by him and by Dr. Suite regarding mental health and substance abuse conditions.

37. Denied.

38. Denied.

## AS TO COUNT II

39. Defendant repeats and incorporates its responses to the allegations set forth above.

40. Denied.

41. Denied.

42. Denied, except that Defendant admits that it placed Plaintiff on the Non-Football Injury List after consultation with Dr. Suite, a consulting team psychiatrist who had been treating Plaintiff and advised Defendant that Plaintiff was experiencing mental health and substance abuse conditions for which he was in need of enhanced treatment.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

## AS TO COUNT III

48. Defendant repeats and incorporates its responses to the allegations set forth above.

49. The allegation in paragraph 49 is a legal contention as to which no response is required. To the extent that the allegation in paragraph 49 may be deemed to be an allegation of fact as to which a response is required, Defendant admits that the NJLAD prohibits discrimination on the basis of a disability or other characteristics enumerated in the statute and denies that Defendant discriminated against Plaintiff.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

## AS TO COUNT IV

59. Defendant repeats and incorporates its responses to the allegations set forth above.

60. The allegation in paragraph 60 is a legal contention as to which no response is required. To the extent that the allegation in paragraph 60 may be deemed to be an allegation of fact as to which a response is required, Defendant admits that the Americans with Disabilities Act prohibits disability discrimination in employment and denies that Defendant discriminated against Plaintiff.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

ME1 30618104v.3

## AS TO COUNT V

70. Defendant repeats and incorporates its responses to the allegations set forth above.

71. On information and belief, admitted.

72. Denied, except that Defendant admits that, before Defendant signed Plaintiff, Defendant was aware that Plaintiff had had a history of alcohol and/or substance abuse, including two publicly reported DUI arrests and a publicly reported four-game suspension under the NFL Substances of Abuse Policy.

73. Defendant admits on information and belief that Plaintiff's publicly reported DUI arrests and four-game suspension under the NFL Substances of Abuse Policy were well known in the NFL.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

## AS TO COUNT VI

80. Defendant repeats and incorporates its responses to the allegations set forth above.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

## AS TO COUNT VII

86. Defendant repeats and incorporates its responses to the allegations set forth above.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant respectfully requests that Plaintiff be denied the judgment and relief he seeks and that judgment be entered for Defendant, together with costs and attorneys' fees.

## SEPARATE DEFENSES

Without assuming the burden of proof on any issue as to which the burden of proof is on Plaintiff under applicable law, Defendant asserts the following separate defenses and expressly reserves and does not waive the right to assert any and all additional defenses at such time and to such extent as discovery and factual developments establish a basis therefor:

## FIRST SEPARATE DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

## SECOND SEPARATE DEFENSE

Defendant's actions were based on legitimate, nondiscriminatory reasons. Among other things, before Defendant placed Plaintiff on the Non-Football Injury List, Defendant had decided

to cut Plaintiff from the team because of poor performance, including repeatedly arriving late for or missing team meetings and practices, even after being warned and fined.  After consultation with Dr. Suite, based in part on his opinion and with Plaintiff's agreement, Defendant instead placed Plaintiff on the Non-Football Injury List.

### THIRD SEPARATE DEFENSE

Plaintiff did not request any accommodation either before or after he was placed on the Non-Football Injury List.

### FOURTH SEPARATE DEFENSE

Plaintiff failed to engage in the interactive process.

### FIFTH SEPARATE DEFENSE

Plaintiff is estopped and barred by his own conduct from seeking the relief set forth in the Amended Complaint.

### SIXTH SEPARATE DEFENSE

Although Defendant was not required to provide a reasonable accommodation in light of Plaintiff's unsatisfactory performance, Defendant engaged in the interactive process and made a reasonable accommodation by placing Plaintiff on the Non-Football Injury List, which provided Plaintiff with continued access to the team's consulting psychiatrist and an opportunity to return to the team.

### SEVENTH SEPARATE DEFENSE

Plaintiff cannot establish that he was disabled within the meaning of the NJLAD or the ADA.

### EIGHTH SEPARATE DEFENSE

Plaintiff is barred from bringing this action by his failure to invoke or exhaust available complaint, investigation, dispute resolution, appeal, protest, grievance, or administrative

procedures, avenues and/or remedies.

## NINTH SEPARATE DEFENSE

Plaintiff failed to exhaust administrative remedies.

## TENTH SEPARATE DEFENSE

Defendant's actions in placing Plaintiff on the Non-Football Injury List and not exercising its option in Plaintiff's contract were in accordance with the contract and the collective bargaining agreement between the NFL and the NFL Players Association.

## ELEVENTH SEPARATE DEFENSE

Under the Collective Bargaining Agreement between the NFL and the NFL Players Association, the Jets were not required to pay Plaintiff while he was on the Non-Football Injury List.  However, the Jets voluntarily elected to pay Plaintiff the remaining portion ($72,647.06) of the salary that would otherwise have been guaranteed under his contract.

## TWELFTH SEPARATE DEFENSE

Plaintiff's claims are preempted under the federal labor laws.

## THIRTEENTH SEPARATE DEFENSE

Plaintiff's claims are barred by the doctrines of laches and waiver.

## FOURTEENTH SEPARATE DEFENSE

Defendant did not breach any duty to Plaintiff.

## FIFTEENTH SEPARATE DEFENSE

Defendant did not cause or contribute to the injuries and/or damages Plaintiff alleges.

## SIXTEENTH SEPARATE DEFENSE

Plaintiff's claims for punitive damages are barred by and/or subject to the limitations of the New Jersey Punitive Damages Act and the state and federal constitutions.

## SEVENTEENTH SEPARATE DEFENSE

Defendants were not required to provide any accommodation that would have altered the essential functions of plaintiff's job.

## EIGHTEENTH SEPARATE DEFENSE

Plaintiff was not able, with or without reasonable accommodation, to perform his job to Defendant's legitimate expectations.

## NINETEENTH SEPARATE DEFENSE

Defendant reasonably arrived at its opinion that Plaintiff was not qualified for his job.

## TWENTIETH SEPARATE DEFENSE

Defendant made its decisions based on objective standards supported by factual evidence regarding Plaintiff and not based on any general assumptions about any disability.

## TWENTY-FIRST SEPARATE DEFENSE

Some of Plaintiff's claims must be arbitrated pursuant to the collective bargaining agreement between the NFL and the NFL Players Association.

## TWENTY-SECOND SEPARATE DEFENSE

Defendant's actions were job-related and consistent with business necessity.

## TWENTY-THIRD SEPARATE DEFENSE

Plaintiff has failed to mitigate damages, if any.

## TWENTY-FOURTH SEPARATE DEFENSE

Defendant did not make any statement about Plaintiff that was untrue or that portrayed Plaintiff in a false light.

## TWENTY-FIFTH SEPARATE DEFENSE

Plaintiff was a public figure, and Plaintiff's status with the team was a matter of public concern and interest.

## TWENTY-SIXTH SEPARATE DEFENSE

Defendant is entitled to a setoff or recoupment for fines that Plaintiff did not pay.

## TWENTY-SEVENTH SEPARATE DEFENSE

Plaintiff's claims are barred in whole or in part by the statute of limitations.

Defendants hereby expressly reserve and do not waive the right to assert any and all defenses at such time and to such extent as discovery and factual developments establish a basis therefore.

WHEREFORE, Defendants demand judgment dismissing the Second Amended Complaint in its entirety, and an award of costs and attorneys' fees for the defense of this action.

**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
P.O. Box 652
Newark, New Jersey 07101-0652
(973) 622-4444
Attorneys for Defendant
New York Jets LLC


By:___*/s/Adam N. Saravay*____
        Adam N. Saravay

Dated:  July 2, 2019

ME1 30618104v.3

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

Pursuant to Local Civil Rule 11.2, the undersigned hereby certifies that to the best of his knowledge and belief, the matter in controversy is not currently the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

                                            **McCARTER & ENGLISH, LLP**
                                            Attorneys for Defendant

                              By:  */s/Adam N. Saravay*
                                            Adam N. Saravay

Dated: July 2, 2019

ME1 30618104v.3